OPINION
{¶ 1} On October 7, 2003, appellant, Shawn Steele, was a passenger in an automobile being operated by Dominque James when it was rear-ended by a tractor-trailer being operated by Clifford Bergman. Appellant sustained severe injuries. At the time of the accident, Ms. James was insured under an automobile policy issued by appellee, American Family Insurance Group. Pursuant to the medical payments provision of the insurance contract, American Family paid appellant $5,000.00 for his medical expenses.
 {¶ 2} On September 28, 2004, appellant filed a complaint against Ms. James, the tortfeasor, Clifford Bergman, American Family, AultCare Corporation and various others, alleging negligence and subrogation claims on behalf of American Family and AultCare. On November 23, 2004, appellant filed an amended complaint adding a claim for declaratory judgment against American Family and AultCare. A second amended complaint was filed on April 5, 2005 requesting punitive damages against the other defendants. The case was settled at mediation except for the subrogation claims of American Family and AultCare. American Family paid appellant its policy limits of $25,000.00 to settle the claims against Ms. James, and sought reimbursement of the $5,000.00 medical payments amount. Both parties filed motions for summary judgment. By judgment entries filed September 27, and October 11, 2005, the trial court granted American Family's motion for summary judgment and entered judgment for American Family as against appellant in the amount of $5,000.00.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE AMERICAN FAMILY INSURANCE GROUP'S MOTION FOR SUMMARY JUDGMENT ON ITS SUBROGATION CLAIM AGAINST ITS OWN INSURED, PLAINTIFF-APPELLANT, SHAWN STEELE, THEREBY IMPLICITLY DENYING PLAINTIFF-APPELLANT'S CROSS-MOTION FOR SUMMARY JUDGMENT."
 I {¶ 5} Appellant claims the trial court erred in granting summary judgment to American Family. Specifically, appellant claims the trial court erred in permitting American Family to enforce its subrogation rights against its own insured. We disagree.
 {¶ 6} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins,75 Ohio St.3d 447, 448, 1996-Ohio-211:
 {¶ 7} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex.rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 8} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35.
 {¶ 9} In its judgment entry of September 27, 2005, the trial court found the following:
 {¶ 10} "In the current case, the insurance carrier is seeking a reimbursement for Five Thousand Dollars ($5,000.00) in medical payments coverage. This is pursuant to a subrogation clause under the contract of insurance. The carrier is not seeking the Five Thousand Dollar ($5,000.00) reimbursement from funds that they would otherwise be responsible for paying and have, in fact, paid in this case. They are seeking the funds from amounts that have been paid from other respective defendants. The Court finds that the subrogation amount should be honored and summary judgment is, therefore, granted."
 {¶ 11} Appellant argues this is akin to an insurer recovering from its own insured which is contrary to many decisions from this state. We disagree for the following reasons.
 {¶ 12} Under the medical expense coverage of the subject policy, Part II, ¶ 4(b), appellant was an insured person as "insured person" is defined as "Any other person while occupying your insured car." Accordingly, appellant is an intended third-party beneficiary of Ms. James's policy. See, Thatcher v.Sowards, Scioto App. No. 98CA2613, 2000 Ohio 1970.
 {¶ 13} Pursuant to Part VI, ¶ 5, General Provisions, the insurance contract provided for the right of subrogation as follows:
 {¶ 14} "Our Recovery Rights. If we pay under this policy, we are entitled to all the rights of recovery of the person to whom payment was made against another. That person must sign and deliver to us any legal papers relating to that recovery, do whatever else is necessary to help us exercise those rights and do nothing after loss to harm our rights.
 {¶ 15} "When we pay damages under this policy to a person who also collects from another, the amount collected from the other shall be repaid to us to the extent of our payment."
 {¶ 16} The plain language of the policy specifically provides that American Family, after paying the loss to appellant, has the right to recover the loss from the tortfeasor and American Family could require reimbursement from appellant out of any settlement that duplicated payments American Family had paid to him. Because American Family paid a portion of appellant's medical expenses, when appellant settled the case with the various defendants in excess of $2,000,000.00, American Family was entitled to be reimbursed for the medical payments it had paid to appellant. The reimbursement is an exercise of American Family's subrogation rights. As stated by the Supreme Court of Ohio in Peterson v.Ohio Farmers Insurance Company (1963), 175 Ohio St. 34, at syllabus:
 {¶ 17} "Where the policy subrogation provisions and the subrogation assignment to the insurer convey all right of recovery against any third-party wrongdoer to the extent of the payment by the insurer to the insured, an insurer, who has cooperated and assisted in recovering from the wrongdoer, is entitled to be indemnified first out of the proceeds of such recovery."
 {¶ 18} Upon review, we find the trial court did not err in granting summary judgment to American Family and entering judgment against appellant in the amount of $5,000.00.
 {¶ 19} The sole assignment of error is denied.
 {¶ 20} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J., Gwin, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.